**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 16-4200**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MARSHA KING,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Raymond A. Jackson, District Judge.  (2:14-cr-00065-RAJ-DEM-1)

─────────────

Submitted:  January 27, 2017      Decided:  February 7, 2017

─────────────

Before KING, WYNN, and THACKER, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Gregory B. English, ENGLISH LAW FIRM, PLLC, Alexandria, Virginia, for Appellant.  Dana J. Boente, United States Attorney, Joseph L. Kosky, Stephen W. Haynie, Assistant United States Attorneys, Norfolk, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marsha King was convicted by a jury on two counts of theft of public funds and twelve counts of aggravated identity theft, in violation of 18 U.S.C. §§ 2, 641, 1028A (2012). She received an aggregate sentence of 100 months' imprisonment, comprising a below-Guidelines sentence of 52 months' imprisonment on the theft of public funds convictions and consecutive terms of 24 months' imprisonment each on two of the aggravated identity theft convictions, with the sentences on the remaining ten counts ordered to run concurrently. On appeal, King argues that insufficient evidence supported three of her aggravated identity theft convictions and that her sentence was substantively unreasonable. For the reasons that follow, we affirm.

King filed fraudulent tax returns in the names of students who attended a certain high school in Memphis, Tennessee, where King's sister was employed as a teacher. King filed the returns without the students' knowledge and directed that the tax refunds owed on these returns be deposited into bank accounts in King's name or the names of people close to her, such as her husband, siblings, and friends. Some of the tax returns were filed from Internet Protocol addresses affiliated with King.

This court reviews de novo the sufficiency of the evidence supporting a conviction. United States v. McLean, 715 F.3d 129, 137 (4th Cir. 2013). In assessing evidentiary sufficiency, this

2

court must determine whether, viewing the evidence in the light most favorable to the Government and accepting the factfinder's determinations of credibility, the verdict is supported by substantial evidence — that is, "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. King, 628 F.3d 693, 700 (4th Cir. 2011) (internal quotation marks omitted). "A defendant bringing a sufficiency challenge must overcome a heavy burden, and reversal for insufficiency must be confined to cases where the prosecution's failure is clear." United States v. Engle, 676 F.3d 405, 419 (4th Cir. 2012). To establish aggravated identity theft, the Government must prove that the defendant "(1) knowingly transferred, possessed, or used, (2) without lawful authority, (3) a means of identification of another person, (4) during and in relation to a predicate felony offense." United States v. Adepoju, 756 F.3d 250, 256 (4th Cir. 2014) (internal quotation marks omitted).

On appeal, King challenges the first two elements of the offense, asserting that "the prosecution never established that any returns had been filed without the knowledge or consent" of the victims or that the victims themselves did not file the returns. She bases this argument on the fact that the Government did not call these victims named in these counts as witnesses or otherwise establish that the victims could not consent to her

3

actions.  We reject this argument.  Our review of the record leads us to conclude that the substantial circumstantial evidence offered at trial was sufficient to allow a reasonable juror to find King guilty on Counts 8, 9, and 15.

Next, King argues that her aggregate sentence of 100 months' imprisonment is substantively unreasonable.  When evaluating the substantive reasonableness of a sentence, this court considers the totality of the circumstances.  Gall v. United States, 552 U.S. 38, 51 (2007).  We presume a sentence within or below the correctly calculated Guidelines range is substantively reasonable.  United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014).  To successfully challenge the substantive reasonableness of a sentence, a defendant must rebut this "presumption . . . by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors."  Id.

The portion of King's sentence that was based on the Sentencing Guidelines — a 52-month sentence on Counts 1 and 2 — was below the applicable Guidelines range.*  On appeal, King does

_____

* The sentences for the aggravated identity theft offenses were dictated by statute rather than the Guidelines.  United States v. Farrior, 535 F.3d 210, 224 (4th Cir. 2008) ("A statutorily required sentence . . . is per se reasonable."), abrogation on other grounds recognized by United States v. Williams, 808 F.3d 238, 246 (4th Cir. 2015).  Although the district court exercised some discretion in ordering two of the aggravated identity theft sentences to be served consecutive to all other

4

not identify any error in the district court's reasoning or assert that it failed to consider any particular detail relevant to the § 3553 factors.  Having reviewed the record, we discern no basis for overcoming the presumption of reasonableness.

We deny King's motions for leave to file a pro se brief, to file an amendment to the pro se brief, and to extend the number of pages in her brief.  Because King is represented by an attorney who has filed a brief on the merits as opposed to a brief under Anders v. California, 386 U.S. 738 (1967), she is not entitled to file a pro se supplemental brief.  United States v. Washington, 743 F.3d 938, 941 n.1 (4th Cir. 2014); see Fed. R. App. P. 28(a), (c) (permitting appellant to file a formal brief and a reply brief).  King has also moved to relieve her counsel and proceed pro se on appeal.  However, there is no constitutional right to self-representation on appeal.  See Martinez v. Court of Appeal, 528 U.S. 152, 161 (2000).  Moreover, an appellant wishing to proceed pro se "should so inform the Court at the earliest possible time."  4th Cir. R. 46(f).  King waited until after the Government filed its response brief to file her motion to proceed pro se. Thus, we deny this motion as untimely.  Finally, we deny as moot

---

sentences, King fails to explain how this amounts to an abuse of discretion.

King's motions to reconsider the orders deferring action on the above motions.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

6