**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-4671**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

MICHAEL LANE BREEDEN, a/k/a Daewoo,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  W. Earl Britt, Senior District Judge.  (7:20-cr-00198-BR-1)

_____

Submitted:  October 24, 2022                          Decided:  December 13, 2022

_____

Before GREGORY, Chief Judge, QUATTLEBAUM, Circuit Judge, and KEENAN, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**ON BRIEF**:  Richard Croutharmel, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Michael Lane Breeden of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2018).[1] The district court imposed an upward departure and sentenced Breeden to 108 months' imprisonment. On appeal, Breeden argues that the district court erred in departing upward. We vacate his sentence and remand for resentencing.

We review Breeden's sentence for abuse of discretion.[2] *United States v. Howard*, 773 F.3d 519, 527-28 (4th Cir. 2014). "When reviewing a departure, we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *Id.* at 529.

We agree with the parties that the district court erred in relying on U.S. Sentencing Guidelines Manual § 5K2.21, p.s. (2021), because Breeden did not plead guilty pursuant to a plea agreement. But we discern no error in the district court's reliance on USSG § 5K2.1, p.s., which provides that "[i]f death resulted, the court may increase the sentence

---

[1] Section 924(a)(2) was amended and no longer provides the penalty for § 922(g) convictions; the new penalty provision in 18 U.S.C. § 924(a)(8) sets forth a statutory maximum sentence of 15 years' imprisonment for a § 922(g) offense. *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022). The 15-year statutory maximum does not apply in this case, however, because Breeden was convicted before the June 25, 2022, amendment of the statute.

[2] We conclude that Breeden sufficiently preserved his objections in the district court and had no chance to object to how the district court calculated his upward departure. *See United States v. Rogers*, 961 F.3d 291, 295 (4th Cir. 2020); *United States v. Robinson*, 744 F.3d 293, 300 n.6 (4th Cir. 2014).

above the authorized guideline range." Breeden relies on *Burrage v. United States*, 571 U.S. 204, 206-07, 218 (2014), and *Young v. Antonelli*, 982 F.3d 914, 915-16 (4th Cir. 2020), but these cases do not apply. There was only one cause of the victim's death—a gunshot wound—and the relevant inquiry is whether Breeden was the person who shot the victim.

While the jury acquitted Breeden on the count tied to the shooting, "clear Supreme Court and Fourth Circuit precedent hold that a sentencing court may consider uncharged and acquitted conduct in determining a sentence, as long as that conduct is proven by a preponderance of the evidence." *United States v. Medley*, 34 F.4th 326, 335 (4th Cir. 2022) (cleaned up). We conclude that a witness' identification of Breeden as the shooter, along with the evidence that shell casings found in Breeden's backyard matched shell casings found at the victim's residence, establish by a preponderance of the evidence that Breeden shot the victim.

Breeden also contends that the district court erred in fashioning a departure under USSG § 4A1.3(a)(1), p.s. A district court may depart upwardly from the Guidelines range based on the inadequacy of a defendant's criminal history category when "reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." USSG § 4A1.3(a)(1), p.s. In applying this policy statement, the district court "must move horizontally across successive criminal history categories up to category VI, and, if category VI is inadequate, the court must then vertically traverse to successively higher offense levels until it finds a guideline range

appropriate to the case." *United States v. McNeill*, 598 F.3d 161, 166 (4th Cir. 2010); *see* USSG § 4A1.3(a)(4), p.s.  The court "should move to successively higher categories only upon finding that the prior category does not provide a sentence that adequately reflects the seriousness of the defendant's criminal conduct." *United States v. Dalton*, 477 F.3d 195, 199 (4th Cir. 2007) (internal quotation marks omitted).

As Breeden correctly argues, the district court erred when it failed to move horizontally across the criminal history categories before deciding whether to move down the offense table when departing under this provision.  The court's failure to do so makes it impossible for us to determine what portion of the departure was based on Breeden's conduct and what part was based on his criminal history.  Accordingly, we are unable to adequately review whether the extent of the district court's departure was reasonable.

Therefore, we vacate Breeden's sentence and remand for resentencing.  We deny Breeden's motions for leave to file a pro se supplemental brief and to proceed pro se.  *See United States v. King*, 677 F. App'x 875, 877 (4th Cir. 2017) (No. 16-4200); *United States v. Penniegraft*, 641 F.3d 566, 569 n.1 (4th Cir. 2011).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

4